IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00140-BNB

STEVEN DWAYNE TOWNLEY,

    Plaintiff,

v.

JOE MERTENS, Officer, Thornton Police Dept.,
CHRIS FUSETTI, Officer, Thornton Police Dept.,
(FIRST NAME UNKNOWN) "LONG," Sergeant, Adams Co. Sheriff's Office,
THORNTON POLICE DEPT., Colorado, and
ADAMS COUNTY SHERIFF'S OFFICE,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 6 2006

GREGORY C. LANGHAM
CLERK

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Steven Dwayne Townley is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility at Buena Vista, Colorado. Mr. Townley has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights under the United States Constitution. The court must construe the complaint liberally because Mr. Townley is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Townley will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient. Title 42 U.S.C. § 1983 "provides a federal cause of action against any person

who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). Mr. Townley asserts facts in support of his claims that the three individual Defendants violated his constitutional rights. However, although he also names the Thornton Police Department and the Adams County Sheriff's Office as Defendants, he does not allege any facts to support claims against those municipal entities. Therefore, Mr. Townley will be ordered to file an amended complaint to clarify the claims he is asserting.

Mr. Townley is advised that his claims against the Thornton Police Department and the Adams County Sheriff's Office actually must be asserted against the City of Thornton and Adams County, respectively. In order to hold those entities liable, Mr. Townley must show that a municipal policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. See **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). A municipality may not be held liable solely because a municipal employee inflicted injury on Mr. Townley. See **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton**, 997 F.2d at 782. Furthermore, Mr. Townley cannot show the existence of a municipal policy or custom by pointing to an isolated incident. See **Monell**, 436 U.S. at 694. Accordingly, it is

ORDERED that Mr. Townley file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Townley, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Townley fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED March 6, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   06-cv-00140-BNB

Steven Dwayne Townley
Prisoner No. 122554
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

   I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 3/6/06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk